

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2002

# USA v. Gomez

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1217

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Gomez" (2002). *2002 Decisions*. Paper 408.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/408

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-1217


UNITED STATES OF AMERICA

v.

ALONZO GOMEZ,

Appellant


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

(Dist. Court No. 99-cr-00077)
District Court Judge: Gregory M. Sleet


Submitted Under Third Circuit LAR 34.1(a)
June 25, 2002

Before: ALITO, AMBRO, and GARTH, Circuit Judges.

(Opinion Filed: July 17, 2002)


OPINION OF THE COURT


PER CURIAM:

Alonzo Gomez was stopped by Delaware Police officers who searched his car pursuant to the driver's consent and found over seven kilograms of cocaine. Gomez was convicted for possession of cocaine with the intent to distribute. The Pre-Sentence Report ("PSR") determined that no guideline adjustments for Gomez's role in the offense should apply. The District Court accepted the factual findings of the PSR and, on January 8, 2001, sentenced Gomez to 78 months of incarceration. As the parties are well aware of the history of these proceedings and the facts involved, we need not repeat them here.

Gomez raises two issues on appeal: (1) whether the District Court properly denied Gomez's motion for a minor role adjustment, and (2) whether Gomez's trial counsel was ineffective for failing to argue for a downward departure pursuant to Section 5K2.20 (Aberrant Behavior) of the United States Sentencing Guidelines ("Guidelines").

We exercise plenary review where the district court's denial of a downward adjustment is based on a legal interpretation of the Sentencing Guidelines. United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001). Where the district court's decision rests on factual determinations, we review for clear error. Id. Here, the District Court denied Gomez's application for a minor role adjustment on the facts, and thus the appropriate standard of review is clear error.

Additionally, ineffective assistance of counsel claims are not generally entertained on direct appeal. United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991). We have held repeatedly, except in limited circumstances, that the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed. Id. However, where the record is sufficient to allow a determination of ineffective assistance of counsel, an evidentiary hearing to develop the facts may not be needed. Id.

First, Gomez fails to satisfy the requirements for a minor role adjustment. Section 3B1.2 of the Guidelines permits a reduction in the offense level by two if the defendant was a minor participant in the criminal activity. To receive such an adjustment, a defendant must show that (1) there were multiple participants in committing the crime, and (2) the defendant was among the least culpable of the participants. See United States v. Isaza-Zapata, 148 F.3d 236, 238-39 (3d Cir. 1998).

Regarding the second prerequisite of relative culpability, to assess a defendant's culpability as a courier in relation to the other participants, we consider factors such as the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise. Headley, 923 F.2d at 1084. The defendant bears the burden of demonstrating that the minor role adjustment should apply. Isaza-Zapata, 148 F.3d at 240. Moreover, district courts are allowed broad discretion in applying Section 3B1.2. Id. at 238.

Here, there were multiple participants, so Gomez meets the first prerequisite for application of Section 3B1.2. Gomez fails to establish, however, the second prerequisite that he was among the least culpable participants according to the aforementioned three factors as stated in Headley. The record does not indicate the extent of Gomez's relationship with the other participants. Thus, no conclusion can be drawn concerning this factor. Moreover, Gomez cannot show that his actions were not essential to the success of the venture. To the contrary, Gomez owned the car with the secret compartment that stored the cocaine, and he agreed to drive the cocaine from New York to Washington, D.C. Finally, Gomez fails to show that he did not understand the nature and scope of the criminal enterprise of which his role as carrier was one part. The record indicates that Gomez knew that he was delivering drugs and not jewelry. Moreover, Gomez did not establish that his role in the operation was limited to transporting a small amount of drugs in a single transaction.

The District Court considered both parties' arguments and rejected Gomez's objection to the PSR. Because Gomez failed to carry his burden of showing that his culpability was less than that of the other participants in the criminal endeavor, the District Court did not erroneously deny his request for a minor role adjustment.

Second, ineffective assistance of counsel claims are not generally entertained on direct appeal. Headley, 923 F.2d at 1083. We have held repeatedly that the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed. Id. However, where the record is sufficient to allow a determination of ineffective assistance of counsel, an evidentiary hearing to develop the facts is not needed. Id.

The record here does not contain enough information for a judgement on the trial counsel's performance.

For the foregoing reasons, we affirm the District Court's order denying Gomez's claim for a minor role adjustment and decline to consider Gomez's ineffective assistance of counsel claim.